# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TAFS, INC., <br>    Plaintiff, <br><br>     v. <br><br> NANSHAN AMERICA ADVANCE, <br> ALUMINUM TECHNOLOGIES, LLC, <br> *et al.*, <br>    Defendants, <br>_____<br><br> NANSHAN AMERICA ADVANCE, <br> ALUMINUM TECHNOLOGIES, LLC, <br>    Counterclaim Plaintiff, <br><br>     v. <br><br> TAFS, INC., <br>    Counterclaim Defendant, <br>_____<br><br> TES LOGISTICS, LLC, and <br> WES CHAUDION, <br>    Counterclaim Plaintiffs, <br><br>     v. <br><br> TAFS, INC., <br>    Counterclaim Defendant, <br>_____<br><br> NANSHAN AMERICA ADVANCE, <br> ALUMINUM TECHNOLOGIES, LLC, <br>    Cross Claim Plaintiff, <br><br>     v. <br><br> TES LOGISTICS, LLC, <br>    Cross Claim Defendant, <br>_____ | CAUSE NO.: 4:19-CV-94-JTM-JEM |

1

|  |  |
|---|---|
| TES LOGISTICS, LLC, and <br> WES CHAUDION, <br>       Cross Claim Plaintiffs, <br><br> v. <br><br> NANSHAN AMERICA ADVANCE, <br> ALUMINUM TECHNOLOGIES, LLC, <br>       Cross Claim Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on TAFS' Motion to Compel Discovery from Nanshan [DE 58], filed July 14, 2020. Nanshan filed a response on July 28, 2020, and a reply was filed on August 11, 2020. TAFS requests that the Court compel Nanshan to fully answer TAFS's interrogatories and fully respond to TAFS request for production of documents.

**I.     Analysis**

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could

2

lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

TAFS argues that Nanshan has failed to comply with the requirement to timely provide discovery responses and that some of its objections to discovery response are invalid. Nanshan argues that it has responded to TAFS's requests to the best of its ability. It explains that its business suffered shutdowns due to the global pandemic and its general counsel has been stranded in China since late January, but that it has been working diligently to provide documents and information and to supplement as it obtained more information, and that it will continue to do so. Nanshan explains that TAFS served its discovery requests on the day that COVID-19 was declared to be a national emergency, and that since then Nanshan has suffered a number of severe difficulties as a result of the pandemic, including some complete shutdowns, significant business disruptions including furloughs of all of its employees, inability to access files at the office even while some

3

employees could work from home, and its general counsel being unable to enter the country during the entirety of the discovery process.

TAFS argues that it has been patient with Nanshan but that it first served its discovery requests more than three months before filing this motion to compel and that Nanshan has not substantially complied with its discovery obligations. It also asserts that the discovery Nanshan has produced has been focused on Nanshan's counterclaims rather than TAFS's claim, and points to specific objections made by Nanshan that TAFS argues should be overruled.

As an initial matter, the Court notes that TAFS did not file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action" as required by Northern District of Indiana Local Rule 37-1 and Federal Rule of Civil Procedure 37. TAFS did include correspondence with Nanshan indicating some attempt to resolve the matter without Court intervention, and the Court will not deny the motion for failure to comply with the certification requirement, although it reminds TAFS of the need to comply with applicable Rules and to attempt in good faith to resolve discovery disputes before raising them with the Court.

As to the bulk of TAFS's concern, that Nanshan is not responding in a timely fashion to discovery requests, the Court finds that Nanshan's reasons for requiring an extended period of time to respond are fully justified in the circumstances, and the Court will therefore not set an immediate deadline for it to provide the outstanding discovery responses. However, Nanshan is reminded that there are deadlines for responding to discovery requests, and that any necessary extensions must be obtained by stipulation of the other party(ies) or through Court approval on a motion. *See* Fed. R. Civ. P. 29, 34(b)(2).

TAFS also requests that the Court overrule some of Nanshan's objections to the discovery requests. TAFS represents that Nanshan objected to several interrogatories as vague and ambiguous, and to another on the basis that the requested information is privileged. Nanshan has supplemented its responses since the instant Motion was filed, although TAFS remains dissatisfied with the responses and asserts that not all of the objections have been withdrawn. The correspondence attached to TAF's original brief and reply, however, just includes brief email back-and-forth, without an indication that the parties were able to have a conference about those disputes beyond those few emails, nor whether the return to work of some administrative personnel at Nanshan and their increased responsiveness has enabled Nanshan to further supplement its response. If the parties are still unable to resolve the dispute over these interrogatories after a meet and confer conference, a renewed motion can be filed.

To the extent that TAFS also wishes the Court to compel Nanshan to provide its responses in a particular format, that request is not part of its opening brief. *See Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004) (finding argument waived when made for the first time in reply brief). However, Nanshan is reminded that Federal Rule of Civil Procedure 34(b) requires a party to produce electronically stored documents as they are kept in the usual course of business or in a reasonably useable form. *See* Fed. R. Civ. P. 34(b)(2)(E); *Jannx Med. Sys., Inc. v. Methodist Hosps., Inc*., No. 2:08-CV-286-PRC, 2010 WL 4789275, at *3-4 (N.D. Ind. Nov. 17, 2010) (warning parties not to convert production to less-usable format).

The Court finds that Nanshan's delay in fully responding to discovery requests is excusable given the circumstances of the COVID-19 pandemic and its effect on Nanshan's business, but encourages Nanshan to comply with its obligations as fully and quickly as possible. It reminds

5

counsel for Nanshan of the importance of complying with discovery obligations, communicating with opposing counsel if it is unable to do so, and seeking relief from the Court as necessary.

## II.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES as moot in part** TAFS' Motion to Compel Discovery from Nanshan [DE 58] as described above and **ORDERS** Nanshan to continue to supplement its responses to TAFS's discovery requests, and to continue to communicate about obstacles to that provision caused by disruptions to its business due to the ongoing pandemic. Although attorney's fees may be awarded on a motion to compel when it is granted or discovery is provided after its filing, the Court finds that in this case, the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (C).

The Court **REMINDS** the parties that the deadline for completing discovery is December 2, 2020, and that a motion for an extension of the deadline should be filed before its expiration if more time is needed to complete all discovery, with a representation as to each party's position on the request. *See* Fed. R. Civ. P. 6, 16; N.D. Ind. L.R. 6-1.

SO ORDERED this 23rd day of November, 2020.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record