**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| TAFS, INC., <br>  Plaintiff, <br><br>   v. <br><br>NANSHAN AMERICA ADVANCE, <br>ALUMINUM TECHNOLOGIES, LLC, <br>*et al.*, <br>  Defendants, <br>_____ <br><br>NANSHAN AMERICA ADVANCE, <br>ALUMINUM TECHNOLOGIES, LLC, <br>  Counterclaim Plaintiff, <br><br>   v. <br><br>TAFS, INC., <br>  Counterclaim Defendant, <br>_____ <br><br>TES LOGISTICS, LLC, and <br>WES CHAUDION, <br>  Counterclaim Plaintiffs, <br><br>   v. <br><br>TAFS, INC., <br>  Counterclaim Defendant, <br>_____ <br><br>NANSHAN AMERICA ADVANCE, <br>ALUMINUM TECHNOLOGIES, LLC, <br>  Cross Claim Plaintiff, <br><br>   v. <br><br>TES LOGISTICS, LLC, <br>  Cross Claim Defendant, <br>_____ | CAUSE NO.: 4:19-CV-94-JTM-JEM |

1

|  |  |
|---|---|
| TES LOGISTICS, LLC, and | ) |
| WES CHAUDION, | ) |
|     Cross Claim Plaintiffs, | ) |
|  | ) |
|     v. | ) |
|  | ) |
| NANSHAN AMERICA ADVANCE, | ) |
| ALUMINUM TECHNOLOGIES, LLC, | ) |
|     Cross Claim Defendant. | ) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on TAFS' Motion for Sanctions [DE 106], filed January 13, 2022. TAFS moves for sanctions against TES Logistics based on TES's continued failure to properly respond to discovery requests and its failure to abide by this Court's prior order compelling discovery. TES filed its response on January 24, 2022, and TAFS filed its reply on January 28, 2022.

On January 18, 2022, Judge James T. Moody entered an Order [DE 109] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I.    Background**

TAFS previously moved for an order compelling TES to properly respond to interrogatories 3 and 21, as TES's answers to interrogatories were general references to prior production and lacked specificity, and to properly respond to TAFS's request for production, as TES's responses were not organized or labeled in accordance with the requirements of Federal Rule of Civil Procedure 34(b)(2)(E) but instead consisted of 15 boxes of documents TES asserted may include responsive documents. TES did not respond to that motion.

2

> The Court granted the motion on May 14, 2021, ordering:
>
> TES Logistics to serve on TAFS, Inc., on or before **June 11, 2021,** complete answers to interrogatories number 3 and 21 and to produce all responsive documents, organized and labeled to correspond with TAFS's requests in compliance with Rule 34, as soon as practicable.

[DE 93]. TAFS now argues that TES's subsequent document production and answer to interrogatory 3 fail to satisfy the terms of this Court's May 14, 2021, Order, and fail to comply with Federal Rules of Civil Procedure 33 and 34, and requests that TES be sanctioned for that failure

## II. Standard of Review

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37 provides for sanctions in particular discovery-related instances, including failure to serve answers, objections, or written responses to Rule 33 interrogatories or Rule 34 requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Rule 37 also requires that a "motion for sanctions . . . must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1). Likewise, Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1.

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

### III. Analysis

TAFS requests that the Court order sanctions against TES for its continued failure to properly answer interrogatory 3 and properly respond to TAFS's Request for Production by striking TES's counterclaim or entering judgment in favor of TAFS on TES's counterclaim. TAFS also requests an assessment of fees. TAFS argues that TES's answer to interrogatory 3[1] and document production still fail to comport with the applicable federal rules and this Court's prior Order. In response, TES argues that sanctions are inappropriate, that TAFS is over-litigating this

---

[1] The Motion also references the answer to interrogatory 21 in several sections and footnotes, but states relief is not sought on the basis of that improper answer to interrogatory. Therefore, the Court will not consider any arguments related to the response to interrogatory 21.

4

matter, and that the discovery responses are adequate and comply with applicable rules and orders. TES also seeks fees as it asserts that TAFS's actions are in bad faith.

    A.  <u>Interrogatory 3</u>

TAFS asserts that TES's answer to interrogatory 3, even after supplementing, remains insufficient. TAFS's Interrogatory 3 and TES's answer are:

> Interrogatory 3:
> Itemize all damages you claim as a result of Your allegations against TAFS in Your Counterclaim, identify each item of damage comprising the total damages alleged and illustrate in detail how you calculated each such item of damages. In addition, identify all documents relied upon in reaching your figures, and identify each person whom you believe has knowledge of relevant fact as to each item of damage.
>
> ANSWER: After winnowing through the boxes were recovered from the closed TES business the attached 1-827 bate stamped pages of bills lading were located (Exhibits 1-4). These include both Nanshan and non-Nanshan loads. These bills of lading are a supplement to and support the itemized damages previously provided along with invoices, spreadsheets with load information and transaction reports that show how TAFS wrongfully withheld funds. Also attached are numbers and load dates for 2017-2019 in a spreadsheet bate stamped pages 828-857 (Exhibit 5). Additionally, attached are specific invoices for Nanshan in a spreadsheet bate stamped pages 858-928 (Exhibit 6). All documents have been gone through by Mr. Chaudion and he provides this information in conjunction with all other documents provided. Additionally attached are Itemized damages for Nanshan and TAFS as exhibit 7 and 8 (bate stamps 929-931 and 932-948 respectively).

Neither the interrogatory nor the answer is well drafted. The interrogatory seems to encompass at least three questions, all related, but nonetheless, separate questions. The answer is extremely difficult to understand but seems to refer to various identified and unidentified documents which were tendered, either with this set of discovery responses or other discovery responses. In any event, the answer does not fully respond to the interrogatory, and as a result it also does not comply with this Court's May 14, 2021, Order.

5

B. <u>Document Organization</u>

The Court ordered TES to organize and label its documents tendered in its discovery responses to correspond with TAFS's requests in compliance with Federal Rule of Civil Procedure 34. TAFS argues that TES failed to do so. TAFS includes several screen shots of the production. It seems to contain large documents identified by exhibit numbers, and the exhibit numbers are referenced in the response to request for production. Based on what is attached, the Court cannot ascertain whether what is contained within that production is labeled in any other manner. TAFS asserts that it is not and argues that because it is not labeled, it does not comply with Rule 34.

Federal Rule of Civil Procedure 34 provides that a party responding to a request for production may tender documents either in the manner maintained by that party or labeled in a manner that corresponds to the requesting parties' requests. Fed. R. Civ. P 34. TES does not argue that it is labeled, but rather argues that the production is complete, and that they have tried to explain it. Likewise, TES does not argue that the manner in which the documents were produced was the manner in which they maintained the records and waived the opportunity to do so when it failed to respond to TAFS's Motion to Compel. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.") (citing *U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002)). The Court ordered TES to produce its documents labeled so as to correspond to the numbered requests of TAFS but TES failed to do so.

C. <u>Remedy</u>

TES also argues that TAFS is over-litigating this matter, and instead of making good faith efforts to resolve the discovery disputes in accordance with Federal Rule 37 simply insists on

having TES completely withdraw their prior production, relabel it, and re-tender it. However, relabeling and re-tendering the prior production was required by the Court's May 14, 2021, Order.

As a sanction for its lack of compliance with the Rules and the Court's Order, TAFS asks that the Court dismiss TES's counterclaim or award fees. Dismissal of TES's Counterclaim would be a drastic measure and is only appropriate when TAFS can demonstrate "evidence of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d. 462, 468 (7th Cir. 2003). The burden of proving the willfulness, bad faith or fault is one of "a preponderance of the evidence." *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Serv. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008). Although it is apparent that counsel are not communicating well, TAFS has not demonstrated by a preponderance of the evidence that TES's responses are willful, in bad faith or with fault. Dismissal of TES's Counterclaim is not warranted at this time, and TES should be given a final opportunity to cure its deficient discovery responses. Attorney fees, however, are warranted. Federal Rule of Civil Procedure 37 governs discovery disputes and provides for sanctions when a party "fails to serve its answers, objections, or written response," and that

> the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(1)(A); (d)(3). Although the sanction sought by TAFS, dismissal of TES's Counterclaim, is not being granted, TES has violated the Court's order of May 14, 2021, and sanctions in the form of attorneys' fees caused by that failure is appropriate. *See Slamecka v. Empire Kosher Poultry, Inc.,* 2004 U.S. Dist. LEXIS 15880 *5 (N.D. Ill., 2004) (holding award of attorneys' fees for violation of prior court order by not properly responding to interrogatory is

7

appropriate.) TAFS should be given an opportunity to file its itemization of costs incurred in bringing the Motion for Sanctions, and TES should be given an opportunity to respond.

## IV.  Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that District Court Judge James T. Moody **DENY** the Motion for Sanctions Under Fed. R. Civ. P. 37(d) [DE 40], **ORDER** TES:

1) to respond to interrogatory 3, by:

   a) identifying each item or category of damage;

   b) itemizing each item of its damages;

   c) explaining the calculation used to reach the total claimed;

   d) identifying, by referring to a bates number on each document and cross referencing it to an item or category of damage, each document relied upon in calculating each item or category; and

   e) identifying, by referring to each item or category of damage, each person with knowledge relative to that item or category.

2) to properly respond to the request for production by:

   a) withdrawing its current production; and

   b) re-tendering all documents relevant to any request, organized and labeled to correspond to each request, and cross referenced as needed.

The Court also **RECOMMENDS** that District Court Judge James T. Moody **WARN** TES that TES's failure to comply is likely to result in greater sanctions, including, but not limited to, dismissal, with prejudice, of its Counterclaim. The Court also **RECOMMENDS** that District Court Judge James T. Moody **ORDER** TAFS to **FILE** an itemization of its costs and fees,

including attorney's fees, incurred in making the Motion for Sanctions, with TES to **FILE** a response with the Court to Defendant's request.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 15th day of February, 2022.

                                                                  s/ John E. Martin
                                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record